CALVIN C. GRIFFIN, Respondent, v. MISSOURI, KANSAS & EASTERN RAILWAY, COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1899.

Notice: UNRECORDED DEED: INQUIRY: RECORD: IN PAIS. One having notice of an unrecorded deed does not satisfy the quality of good faith by examining the record but should inquire of his grantor and the reputed grantee.

Appeal from the Boone Circuit Court.—*Hon. J. A. Hockaday*, Judge.

REVERSED AND REMANDED.

*Geo. P. B. Jackson* for appellant.

(1) The plaintiff acquired the land from John C. Griffin with notice of the grant of right of way by the latter to the Central Missouri Railway Co., and therefore was not entitled to recover on the first and second counts. It is not required that he should have been informed of all the details, or have had positive information. "Anything which will put a prudent man upon inquiry is notice." Ins. Co. v. Smith, 117 Mo. 261, 292 and cases there cited; Maupin v. Emmons, 47 Mo. 304. (2) The deed conveying the right of way was exhibited to plaintiff before he had finished paying for the land. To constitute one an innocent purchaser he must show that he paid the purchase money without notice of any adverse claim. Halsa v. Halsa, 8 Mo. 303; Wormley v. Wormley, 8 Wheat. 421; Frost v. Beckman, 1 Johns. Ch. 288; Paul v. Fulton, 25 Mo. 156; Arnholt v. Hartwig, 73 Mo. 485; Digby v. Jones, 67 Mo. 104. (3) The burden of establishing that one is an innocent purchaser is on him who claims to be such. Halsa v. Halsa, 8 Mo. 303; Wormley v. Wormley, 8 Wheat. 421; Frost v. Beckman, 1 Johns. Ch. 288; Paul v. Fulton, 25 Mo. 156; Arnholt v. Hartwig, 73 Mo. 485; Digby v. Jones, 67 Mo. 104; Moss v. Railroad, 85 Mo. 86; McCord v. Railroad, 21 Mo. App. 92. The court therefore erred in refusing the defendant's peremptory instruction.

*Odon Guitar* and *W. H. Truitt, Jr.*, for respondent.

(1) Having paid $427 on the land and secured the balance by deed of trust, before receiving notice of J. C. Griffin's unrecorded grant of right of way respondent is "an innocent purchaser" and unaffected thereby. Conrad v. Fisher, 37 Mo. App. 352; Aubuchon v. Bender, 44 Mo. 560; Chouteau's Ex'r v. Burlando, 20 Mo. 482; Paul v. Fulton, 25 Mo. 156; Digby v. Jones, 67 Mo. 107; Youngblood, Adm'r v.

Vastine, 46 Mo. 239.     (2)   It is not necessary that the entire purchase money should have been paid when notice comes to the purchaser to constitute him "innocent." The authorities cited do not support appellant's contention, but the contrary.

ELLISON, J.—This case was argued and submitted with that of Edwards against this defendant and in its principal points is governed by that case, decided at this term.

In this case plaintiff's own testimony shows he had ample information to put him on inquiry as to a deed prior to his own.   He bought the land from John C. Griffin, his nephew, and testified that at the time of his purchase he "understood that his nephew had conveyed to the railway," "but I don't know that he had told me he had."   He distinctly stated, however, that he had heard of the former conveyance from the other parties.

But plaintiff seeks to avoid this on the ground, as stated in his brief, that he did go upon his inquiry and did not learn anything. The only inquiry he made was to examine the deed records and the deed being an unrecorded one he, of course, did not find it.   It is altogether unreasonable to say that when one is put upon inquiry for an unrecorded deed that an examination at a place where it is known it can not be found would satisfy the quality of good faith which is required by the law.   Wade on Notice, sec. 270. He should have inquired of his grantor, and if that was not satisfactory in result, he should have inquired of the reputed grantee.   There being nothing disclosed in the record why he could not conveniently do this.   When one has sufficient knowledge of the existence of a prior conveyance or title he can not stop short at an examination of the records when additional means of information are at hand.

Judgment is reversed and the cause remanded.   All concur.